**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, Acting By and Through the ELECTRIC POWER BOARD OF SAID GOVERNMENT, and VSC Cable, Inc., Plaintiffs-Appellants,**

v.

**Donald W. JACKSON, Commissioner of Revenue, State of Tennessee, Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

July 28, 1986.

———

Harry L. Mittwede, Eugene W. Ward, Nashville, for Elec. Power Bd.

Charles L. Lewis, Deputy Atty. Gen., W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, for defendant-appellee.

OPINION

COOPER, Justice.

This is a sales and use tax case. Plaintiffs paid sales and use taxes under protest on charges for the rental of space on utility poles as a lease of tangible personal property pursuant to T.C.A. § 67–6–204, and also paid taxes under protest on the cost of furnishing duplicate services to customers of the Nashville Electric Service (NES). Plaintiffs then filed the present action seeking a refund of taxes paid. The chancellor determined that the assessments by the Commissioner of Revenue were correct, and dismissed plaintiffs' action. This appeal resulted.

While the appeal from the chancellor's decision was pending in this court, the General Assembly passed Chapter 567 of the Public Acts of 1986, which provides that:

> Tangible personal property shall also not include utility poles, anchors, guys, and conduit, and such facilities shall be deemed to be real property for the pur-

poses of this Chapter [Sales and Use Tax Chapter]....

Section 2 of the Act made its application retroactive to apply to any case filed, pending, or paid under protest on the effective date of the Act, which was March 24, 1986.

After passage of the Act, the parties to this appeal entered into a settlement under which the state refunded the taxes paid on the charges for the rental of space on utility poles, thus disposing of the principal issue on appeal. The issue left for decision is whether materials and equipment purchased and installed by Nashville Electric Service to supply duplicate or standby services for a customer is subject to the sales and use tax.

Duplicate or standby service may include a feed of electricity from two different sources, or may include the installation of additional transformers. NES purchases the equipment and installs it on its own electrical system. The customer who requests the additional equipment or additional source of electricity reimburses NES for the purchase price. NES owns the equipment, maintains and repairs it, just as it does all property included in its electrical distribution system.

A state tax audit disclosed that NES had purchased and installed additional transformers on the premises of South Central Bell and the Opryland Convention center, and that the customers had reimbursed NES for the cost of the equipment installed. No sales tax was paid on the transaction, but the sales tax was being paid on the sale of electricity passing through the additional equipment.

In assessing tax on the cost of the standby equipment installed, the state took the position that the charge to the customer was part of the cost of supplying electricity in the manner requested by the customer. On the other hand, NES insists that the cost of the equipment is a capital expenditure in aid of construction and, as such, is exempt from the sales tax.

T.C.A. § 67–6–332 provides that:

There shall also be exempt from the [sales and use] tax ... the sums paid or property or services contributed by any person to any municipal or county utility ..., by any person who is required as a condition for utility service to make such payment as a contribution in aid of capital construction to the municipal or county utility, ....

The statute contains no limitations on the type of construction, whether it is regular or duplicate, new or replacement. The only condition is that the payment in aid of capital construction be required of the customer by the utility as a condition for the service provided. That is the case here. NES expanded its service to two of its largest customers by installing additional equipment with the customer having to reimburse NES its cost, if the customer wanted the service. The equipment installed is the property of NES and is an integral part of the NES electrical distribution system. Under these circumstances, the cost of the equipment purchased and installed by NES on premises of South Central Bell and the Opryland Convention Center is exempt from the sales tax. T.C.A. § 67–6–332.

The judgment of the chancery court dismissing the action to recover sales tax on the cost of NES furnishing duplicate or standby electrical services, paid under protest, is reversed. The cause is remanded for entry of a judgment in favor of the plaintiff and against the State of Tennessee in the amount of sales tax paid and for determination of pre-judgment interest, if any, to which the plaintiff is entitled. On remand, the court also will determine what pre-judgment interest, if any, is due on the sales tax refunded by the state to the plaintiffs under the settlement agreement between the parties. See T.C.A. § 47–14–123. Costs of the appeal are adjudged against the State of Tennessee.

BROCK, C.J., and FONES, HARBISON, and DROWOTA, JJ., concur.